J-A29023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE SAMUEL | : | |
| | : | |
| Appellant | : | No. 173 WDA 2022 |

Appeal from the PCRA Order Entered January 19, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000667-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE SAMUEL | : | |
| | : | |
| Appellant | : | No. 174 WDA 2022 |

Appeal from the PCRA Order Entered January 19, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002674-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED:  February 14, 2023**

Appellant, Jermaine Samuel, appeals from the order entered on January 19, 2022, dismissing as untimely Appellant's second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for the appointment of PCRA counsel.

A prior panel of this Court set forth the facts of this case as follows:

[The case began as a] result of an investigation by the Office of the Attorney General of Pennsylvania into an operation in which [Appellant] and multiple other people conspired to bring large quantities of cocaine from Baltimore[, Maryland] to Pennsylvania for distribution in Altoona. The investigation included the use of confidential informants and multiple means of electronic surveillance, including body wires on the confidential informants and wiretaps and pen registers on at least four telephone numbers. The investigation resulted in 12 arrests.[1] During his week-long trial, the evidence established that [Appellant] coordinated and received quantities of cocaine from Maryland, warehoused them in an office above a bar in Altoona, cut the drugs and repackaged them for sale to particular street-level dealers. [Appellant] was convicted of [numerous counts of possession with intent to deliver narcotics, criminal use of a communication facility, dealing in unlawful proceeds and corrupt organizations[2]] and sentenced to an aggregate term of 46 ½ to 103 years of incarceration.

**Commonwealth v. Samuel**, 102 A.3d 1001, 1003 (Pa. Super. 2014). This Court affirmed Appellant's judgment of sentence by opinion entered on October 17, 2014. **See id.** On March 22, 2016, our Supreme Court denied further review. **Commonwealth v. Samuel**, 134 A.3d 56 (Pa. 2016).

Thereafter, the PCRA court explains the procedural history of this matter as follows:

[Appellant] filed a timely PCRA petition [on] May 3, 2016. [The PCRA] court granted [relief on] the PCRA petition on the issue of sentencing, and denied [relief] on [] issue[s pertaining to] ineffective assistance of counsel. The Commonwealth appealed

---

[1] "The Commonwealth presented information regarding the investigation to the Thirty-Third Statewide Investigating Grand Jury seated in Harrisburg, Pennsylvania, which issued its presentment [on] February 16, 2012." PCRA Court Opinion, 1/19/2022, at 1.

[2] 35 P.S. § 780–113(a)(30); 18 Pa.C.S.A. §§ 7512(a), 5111, and 911(b)(3).

[the] sentencing decision but ultimately discontinued the appeal.[3]

[The trial] court re-sentenced [Appellant] on June 24, 2020.[4] Following resentencing, PCRA counsel filed a timely notice of appeal [] as well as a motion to withdraw as counsel. Her withdrawal as counsel was permitted on September 18, 2020, and following a *Grazier*[5] hearing on January 25, 2021, [Appellant received] permission to represent himself [*pro se*]. [On January 25, 2021, while Appellant's direct appeal from his June 2020 sentence was pending and upon Appellant's *pro se* request to "amend the appeal filed by his previous counsel," the trial court entered an order instructing Appellant to ask this Court for a remand of the matter because it "believe[d] it ha[d] lost jurisdiction and [could not] rule on [Appellant's request to amend] and that [Appellant] must request [this Court] to remand this case [] for [the trial court's] consideration."] In a motion to withdraw [the] appeal filed [on] March 11, 2021, [Appellant] instead asked the Superior Court to withdraw his appeal in its entirety.[6]

[Appellant] filed various *pro se* motions following the discontinuance of his appeal, including a motion for compassionate release due to Coronavirus, filed February 8, 2021; [an amended post-trial motion filed May 26, 2021; and,] a motion for judgment of acquittal, filed July 9, 2021[. the PCRA court treated the latter two motions as petitions filed under the PCRA and convened] a hearing on these [submissions] on October 20, 2021 [wherein Appellant] appeared *pro se*.

_____

[3] From our review of the certified record, it does not appear that Appellant appealed from the denial of relief pertaining to his claims of ineffective assistance of counsel.

[4] The trial court resentenced Appellant to an aggregate sentence of 20 to 40 years of incarceration with eligibility for the Recidivism Risk Reduction Incentive (RRRI), *see* 61 Pa.C.S.A. § 4501 *et seq*.

[5] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[6] From our review of the certified record and the PCRA court's opinion, it is unclear whether the trial court ruled on any request for amendment of the appeal after the discontinuance.

PCRA Court Opinion, 1/19/2022, at 2-3 (unnecessary capitalization omitted).

Although the trial court treated Appellant's May 26, 2021 and July 9, 2021 filings as *pro se* petitions under the PCRA, it nonetheless concluded that the claims advanced in these submissions were time-barred because they challenged the substantive merits of Appellant's convictions, not his newly-imposed sentence, and he filed these claims more than one year after his original judgment of sentence became final. More simply, the court determined that the claims set forth in Appellant's May 26, 2021 and July 9, 2021 filings contravened the PCRA's one-year jurisdictional deadline. In concluding that Appellant's original judgment of sentence in 2017, rather than his newly-imposed sentence in 2020, governed the timeliness of Appellant's claims under the PCRA, the court cited our decisions in ***Commonwealth v. McKeever***, 947 A.2d 782 (Pa. Super. 2008) and ***Commonwealth v. DeHart***, 730 A.2d 991 (Pa. Super. 1999), where we held that "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." ***McKeever***, 947 A.2d at 785; ***see also*** PCRA Court Opinion, 1/19/2022, at 4-6.

This timely *pro se* appeal resulted. Appellant filed two separate notices of appeal, one at each of the docket numbers captioned above, on January 31, 2022. On February 22, 2022, this Court received correspondence from the PCRA court indicating it had not given Appellant notice of its intent to

- 4 -

dismiss Appellant's claims under the PCRA and requesting the cases be remanded to give proper notice. On March 1, 2022, this Court entered an order directing the parties to show cause why the PCRA court's order should not be vacated and the case remanded. The Commonwealth timely responded that Appellant's claims were dismissed following a hearing and, therefore, notice of intent to dismiss was unwarranted. *See* Pa.R.Crim.P. 908(D)(1) "Upon the conclusion of [a] hearing the judge shall determine all material issues raised by the defendant's petition and [...i]f the judge dismisses the petition, the judge promptly shall issue an order denying relief"). On March 29, 2022, after discovering that a hearing was held wherein Appellant represented himself *pro se*, this Court entered an order, corresponding to each trial court docket, remanding the record and directing the PCRA court to determine whether Appellant should have had counsel appointed to represent him. On May 12, 2022, the PCRA court entered what it deemed a "clarifying order" stating that Appellant expressed a desire to proceed *pro se* during a colloquy at a prior hearing in accordance with *Grazier*. On March 29, 2022, this Court subsequently discharged the rule to show cause orders and consolidated the appeals *sua sponte*.

On appeal *pro se*, Appellant presents the following issues[7] for our review:

---

[7] Because we believe Appellant's issue pertaining to the appointment of PCRA counsel is dispositive, as discussed at length below, we have reordered Appellant's issues for ease of discussion.

I.      Did the lower court err and/or abuse its discretion when adopting Appellant's post-sentence motions into a petition under the [PCRA], then failing to appoint PCRA counsel to represent Appellant, and for dismissing said PCRA petition without notice?

II.     Did the lower court err and/or abuse of its discretion when failing to rule on Appellant's post-sentence motions which allege severe defects at the very foundation of his conviction and sentence?

Appellant's Brief, at 2 (complete capitalization omitted).

Appellant claims that he was entitled the appointment of PCRA counsel. "Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Perez*, 799 A.2d 848, 850 (Pa. Super. 2002) (citation omitted). The Pennsylvania Supreme Court has "stated that the rules of criminal procedure require the appointment of counsel in PCRA proceedings." *Commonwealth v. Smith*, 818 A.2d 494, 498 (Pa. 2003) (citation omitted); *see also* Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). "The PCRA mandates that petitions be filed within one year of the date on which the [j]udgment of [s]entence becomes final[, the one-year] rule is jurisdictional in nature, and there are only three narrow exceptions to its application." *Smith*, 818 A.2d at 498,

*citing* 42 Pa.C.S.A. § 9545 (case citation omitted).  However, our Supreme Court has stated:

> Even though the timeliness requirements of the PCRA leave a court without jurisdiction to consider the merits of an untimely petition, they do not preclude a court from appointing counsel to aid an indigent petitioner in attempting to establish an exception to the time-bar.  Although the PCRA court determines the issue of timeliness prior to reaching the merits of a PCRA petition, the PCRA court is not divested of its jurisdiction until it analyzes the facts and makes the determination that the petition is time-barred. Therefore, an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply.

**Smith**, 818 A.2d at 498.  "[W]here an appellant's right to representation has been effectively denied by the action of court or counsel, the petitioner is entitled to a remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review." **Perez**, 799 A.2d at 852.  The appointment of counsel under the PCRA is derived from our procedural rules of court and is therefore distinct from a Sixth Amendment right to counsel at trial and on direct appeal.  **See Commonwealth v. Haag**, 809 A.2d 271, 282 (Pa. 2002) ("While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a prisoner's first petition for post[-]conviction relief."). "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise

this error *sua sponte* and remand for the PCRA court to correct that mistake."
***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011) (citation omitted).

Our review of the record confirms that Appellant elected to proceed *pro se* and expressly rejected the appointment of counsel at a hearing held on January 25, 2021. As the court acknowledged, however, the January 25, 2021 hearing was convened within the context of a "direct appeal from resentencing" and after trial counsel had been permitted to withdraw. **See** N.T., 1/25/2021, at 5. As such, Appellant was permitted to represent himself *pro se* **on direct appeal** from resentencing. Ultimately, Appellant withdrew his direct appeal, on March 11, 2021, thereby concluding that matter and transforming his 2020 judgment of sentence into a final order. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily).

Thereafter, Appellant filed three *pro se* motions filed on February 8, 2021, May 26, 2021, and July 9, 2021. The court determined that the May 26, 2021 and July 9, 2021 submissions should be treated as PCRA petitions since they were filed after Appellant's 2020 sentence became final. Because the May 26, 2021 and July 9, 2021 submissions were filed after Appellant's 2020 judgment of sentence became final, these filings constituted a first petition under the PCRA. **See Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011) "[A] petitioner may file a PCRA petition asserting claims related to

resentencing proceedings within one year of the date that the new judgment of sentence becomes final."); *see also Commonwealth v. Williams*, 828 A.2d 981, 993 (Pa. 2003) (holding petitioner's subsequent PCRA petitions constituted amendments to first-filed petition, where first petition remained pending because the court had taken no action). As such, the filings triggered the automatic appointment of counsel pursuant to Pa.R.Crim.P. 904(C). This is so even if the claims advanced in those filings might ultimately be deemed untimely because they challenged the merits of Appellant's original conviction, an aspect of Appellant's original judgment of sentence which became final in 2017 and which did not become subject to new challenges when Appellant was subsequently awarded relief in the form of resentencing. *See Smith*, 818 A.2d at 498 (an indigent petitioner is entitled to the appointment of counsel on a first petition even if the court lacks jurisdiction over its untimely claims); *see also McKeever*, 947 A.2d at 785 (collateral relief in the form of resentencing does not, without establishment of an exception to the timeliness requirement, resurrect a petitioner's right to challenge the substantive merit of his convictions where such claims have become untimely due to the passage of time). Put differently, after Appellant's direct appeal from resentencing was withdrawn and his new judgment of sentence became final, Appellant acquired a rule-based right to counsel on his first PCRA petition, within which he could

assert challenges to the legality of his newly-imposed sentence.[8]  If Appellant or counsel elects to litigate claims challenging Appellant's underlying convictions, the petition will need to plead and prove the application of an exception to the PCRA's one-year time bar since those claims are now untimely and Appellant's newly-imposed sentence did not restart the clock on challenges to the merits of Appellant's convictions.

Rather than undertake a comprehensive waiver colloquy aimed at ascertaining whether Appellant intended to exercise his rule-based right to counsel within the context of the newly-initiated collateral relief proceedings, the court instead simply asked Appellant at a status conference held on July 12, 2021, whether "it [was his] continued wish to represent himself and not have counsel appointed."[9]  N.T., 7/12/2021, at 2.   Thereafter, Appellant

---

[8]   We note that Appellant's *pro se* claims largely pertain to the grand jury investigation conducted in this matter.  The time to raise such claims on appeal was when the trial court granted his request for resentencing under the PCRA and denied relief on his remaining claims.  **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction relief shall constitute a final order for purposes of appeal.").

[9]   We further note that this colloquy was not sufficient. **See Commonwealth v. Robinson**, 970 A.2d 455, 459–460 (Pa. Super. 2009) (*en banc*) (original brackets omitted) ("[I]f a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f).  A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if

*(Footnote Continued Next Page)*

represented himself *pro se* at a subsequent hearing held on October 20, 2021. The court did not conduct a waiver of counsel colloquy at that hearing.

Here, Appellant's newly-imposed judgment of sentence became final when he discontinued his direct appeal following resentencing on March 11, 2021. ***See McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily). As such, the submissions Appellant subsequently filed on May 26, 2021 and July 9, 2021, qualified as PCRA petitions and represented his first opportunity to assert collateral challenges to his newly-imposed sentence. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (citation omitted) ("[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions."). Appellant was thus entitled, under Pa.R.Crim.P. 904(C), to the appointment of counsel at that stage of the newly-initiated collateral proceeding. Because Appellant was entitled to a separate, rule-based appointment of PCRA counsel under Rule 904(C), regardless of whether Appellant's collateral claims were timely, and because the court failed to vindicate that right (or confirm a valid waiver of that right), we are constrained to vacate the order denying relief on January 19, 2022.

Order vacated. Case remanded for the appointment of counsel. Application for *writ of certiorari* denied. Jurisdiction relinquished.

---

these defenses are not raised in a PCRA petition, they may be lost permanently.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023